OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Joseph J. Filchock, has filed an appeal from a May 21, 1998 judgment of the Mentor Municipal Court resentencing him in response to his motion to modify sentence.
The following facts are relevant to a determination of this appeal. On November 17, 1995, appellant was cited for driving under the influence of alcohol ("DUI"), in violation of R.C.4511.19(A) (1), and driving under suspension ("DUS"), in violation of R.C. 4507.02. On the day of trial, appellant appeared without counsel, and Judge Richard A. Swain threatened to sentence appellant to one year in jail on the DUI charge and a consecutive
term of six months on the DUS charge unless appellant immediately pleaded guilty. Appellant entered a guilty plea and was sentenced to one year on the DUI charge and six months on the DUS charge, to be served concurrently.
Subsequently, appellant retained counsel and filed a motion to withdraw the plea pursuant to Crim.R. 32.1. Judge Swain overruled appellant's motion. On appeal, we reversed the trial court's decision, holding that Judge Swain's direct threat to impose consecutive sentences if appellant did not immediately plead guilty rendered the plea involuntary. State v. Filchock
(1996), 116 Ohio App.3d 572. We also suggested that appellant file an affidavit of prejudice with the presiding judge of the Lake County Court of Common Pleas in order to remove Judge Swain from the case.
Upon remand, appellant took our suggestion and attempted to have Judge Swain removed from the case. Presiding Judge Fred V. Skok dismissed the affidavit of prejudice, but ordered that an acting judge be appointed to try this case.
On February 20, 1997, appellant entered a plea of no contest to the DUI and DUS charges before Acting Judge Charles G. Deeb. While the plea hearing was not recorded, it is apparent that the acting judge imposed a one-year sentence for the DUI charge, to begin on March 3, 1997. The first thirty days were to be served in the Lake County jail, with release privileges for work, school, and medical treatment. The second thirty days were to be served in an in-patient treatment facility, without work release privileges. If the in-patient treatment was completed, the final ten months of the sentence would be suspended.
On February 28, 1997, appellant filed a motion to modify his sentence after learning from his employer that he would lose his job if he missed a complete month of work. Appellant asked that the sentence be modified so that he would serve the first seventy-five days of confinement in the Lake County jail, with release for work, school, and medical treatment. He also offered to attend an outpatient treatment program at the direction of the Probation Department. The motion did not address the remainder of the sentence.
On March 3, 1997, despite having been removed from the case, Judge Swain ruled on appellant's motion to modify sentence. He ordered that the sentence be modified so that appellant would serve an entire year in jail with release for work, school, and medical treatment, beginning March 4, 1997.
On March 12, 1997, Acting Judge Deeb, apparently unaware that Judge Swain had modified the sentence on March 3, 1997, filed a judgment entry sentencing appellant to one year in the Lake County Jail. The first forty-seven days of the sentence would be served with release privileges for work, school, and medical treatment. Credit was given for seventeen days already served. The next thirty days would be served in an in-patient treatment facility, and the remainder of the sentence would be served under house arrest.
Appellant appealed Judge Swain's order of March 3, 1997. On May 20, 1997, this court stayed the execution of Judge Swain's sentence and ordered appellant to serve Acting Judge Deeb's sentence. At that point, appellant had served seventy-seven days of Judge Swain's one-year sentence, from March 4, 1997 to May 20, 1997.
On April 10, 1998, this court once again reversed the decision of Judge Swain based upon the fact that his judicial powers had been suspended in this case and, thus, he did not have authority to make such a ruling. The last paragraph of our opinion stated:
 "The order of March 3, 1997 is reversed, and the cause is remanded with instructions that the acting judge consider appellant's motion to modify the sentence as journalized March 12, 1997. Credit must be given for the seventy-seven days appellant has served under Judge Swain's invalid sentence, and for the seventeen days served before he was sentenced. When crafting the new sentence, Acting Judge Deeb should give special consideration to the length of time appellant has already spent in jail as the result of the intervening judgment." State v. Filchock (Apr. 10, 1998), Lake App. No. 97-L-068, unreported, at 7.
 Upon remand, the trial court, through Acting Judge Deeb, conducted a hearing on appellant's motion to modify sentence. On May 21, 1998, the trial court modified appellant's sentence, stating, in relevant part:
 "The Court finds that on January 17, 1997 an outpatient program was completed by defendant but the report indicated that the defendant denies that a problem exists and group participation was minimal. Therefore, this program does not meet the criteria for the inpatient treatment. Because the defendant has not successfully completed the inpatient program he is not eligible for house arrest. The Court modifies the original sentence so that the defendant is credited with 104 days of jail and shall serve the remaining jail sentence with the next 30 days in jail with work release. While in jail, defendant shall have a chemical assessment and upon completion, the Court shall review the assessment to determine if the balance of jail sentence will be served on house arrest. Commencement of jail sentence shall begin June 22, 1998 at 7:00 PM."
 Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that "the trial court erred when it ignored the mandate of a superior court and imposed an enhanced jail sentence rather than modifying the sentence by reducing it or terminating the sentence." Specifically, appellant contends that the trial court ignored that portion of our opinion instructing the trial court to "give special consideration to the length of time appellant has already spent in jail." Appellant argues that since he was originally given a one-year sentence, with ten months suspended, it is error for the trial court to not suspend the last ten months of his sentence. Based upon the fact that he has already served 104 days of his one-year sentence, appellant claims that he should now be discharged. We disagree.
The original sentence that Acting Judge Deeb imposed included a provision that the second thirty days of the one-year sentence be served in an in-patient treatment facility. The final ten months of the sentence would be suspended provided that appellant successfully complete the thirty days in-patient treatment. Appellant failed to do so. Appellant need not look beyond himself to place blame. The suspended sentence was conditioned upon his own behavior. When appellant failed to complete the in-patient treatment, the trial court was within its discretion in imposing the full one-year sentence.
A review of the latest sentence handed down by the trial court reveals that, once again, appellant has the opportunity to shorten his stay in jail. A successful chemical assessment could lead to another suspended sentence. The ball is in appellant's court.
Based upon the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
 ________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J.,
concur.